# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD ARNOLD BUSH, | ) | |
|         Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 13-1576 |
| | ) | Judge Arthur J. Schwab/ |
| WEXFORD HEALTH PROFESSIONAL | ) | Magistrate Judge Maureen P. Kelly |
| SERVICES; BUTLER COUNTY PRISON, | ) | |
|         Defendants. | ) | |

## REPORT AND RECOMMENDATION

## I. RECOMMENDATION

It is respectfully recommended that, pursuant to screening provisions of the Prison Litigation Reform Act, the Complaint should be dismissed before being served upon the Defendants because the Complaint is barred by the doctrine of res judicata.

## II. REPORT

### A. Procedural History

Richard Arnold Bush ("Plaintiff") is currently incarcerated at the Butler County Prison. Proceeding *pro se* and *in forma pauperis* ("IFP"), Plaintiff seeks to file a civil rights Complaint (the "Complaint"), naming two Defendants, the Butler County Prison and Wexford Health Professional Services. Plaintiff complains about not receiving proper health care and about being denied medical attention for his diabetes. He alleges that this denial of care is due to racial discrimination. He asserts that these events occurred as of August 1, 2012. ECF No. 1-1 at 2. It is imperative to note that Plaintiff previously filed a virtually identical civil rights action in this Court on February 11, 2013. Bush v. Butler County Prison, No. 2:13-cv-218 (W.D. Pa.) (the "First Case"). In the First Case, Plaintiff named the same two defendants as he names in the present case. In the Complaint in the First Case, Plaintiff complained of not receiving correct

and fast medical treatment in 2012 and 2013. Id. (ECF No. 1 at 2). In a subsequent letter to the Clerk's Office, docketed in the First Case as a Motion for Preliminary Injunction, Plaintiff complained about improper medical care of his diabetes. Id. (ECF No. 5). The First Case was dismissed with prejudice for failure to prosecute. Id. (ECF No. 15). Plaintiff did not appeal the order of dismissal. Plaintiff did attempt to file an Amended Complaint in the First Case but that Amended Complaint was stricken. Id. (Text Order entered 10/3/2013). Because the First Case and the present case are nearly identical, the doctrine of res judicata bars this case.

### B. APPLICABLE LEGAL PRINCIPLES

In the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting civil rights actions brought by prisoners, in an effort to curb the increasing number of frivolous and harassing lawsuits brought by persons in custody. The PLRA permits courts to screen complaints filed by prisoners and dismiss them before they are served if the complaints fail to state a claim or are frivolous or malicious. See Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). Because Plaintiff is a prisoner who is suing government employees and/or because Plaintiff is a prisoner suing about prison conditions, the screening provisions of the PLRA apply. See 28 U.S.C. § 1915A ("[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."); and 42 U.S.C. § 1997e (permitting courts to screen complaints concerning "prison conditions").

In performing the Court's mandated function of *sua sponte* review of complaints under 28 U.S.C. § 1915A and 42 U.S.C. § 1997e, to determine if they fail to state a claim upon which relief can be granted, a federal district c

ourt applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See, e.g., Brodzki v. Tribune Co., 481 F. App'x 705 (3d Cir. 2012) (applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)); Courteau v. United States, 287 F. App'x 159, 162 (3d Cir. 2008) ("the legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915A is identical to the legal standard employed in ruling on 12(b)(6) motions"); Montanez v. Pa. Health Care Service Staffs, Civ.A. No. 09-1547, 2011 WL 7417026, at *2 (W.D. Pa. Dec. 14, 2011), *report adopted by*, 2012 WL 602938 (W.D. Pa. Nov. 23, 2012).

As the United States Supreme Court explained in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), a complaint may properly be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Under this standard, the court must, as a general rule, accept as true all factual allegations of the complaint and all reasonable inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). In addition to the complaint, courts may consider matters of public record and other matters of which a court may take judicial notice, court orders, and exhibits attached to the complaint when adjudicating a motion to dismiss under Rule 12(b)(6). Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994). Moreover, under the 12(b)(6) standard, a "court need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001), *amended by,* 275 F.3d 1187 (9th Cir. 2001). The court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See

California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp., 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

The question to be resolved is: whether, taking the factual allegations of the complaint, which are not contradicted by the exhibits and matters of which judicial notice may be had, and taking all reasonable inferences to be drawn from those uncontradicted factual allegations of the complaint, are the "factual allegations . . . enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. at 555. Or put another way, a complaint may be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

Furthermore, because Plaintiff is pro se, courts accord an even more liberal reading of the Complaint, employing less stringent standards when considering pro se pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519 (1972).

**C. DISCUSSION**

This case is barred by res judicata or claim preclusion.[1] The doctrine of res judicata provides that a final judgment rendered by a court of competent jurisdiction, on the merits, is conclusive as to the rights of the parties and their privies, and as to them constitutes an absolute bar to a subsequent action involving the same cause of action. In re Weisbrod & Hess Corp., 129 F.2d 114 (3d Cir. 1942). As explained by the United States Court of Appeals for the Third

---

[1] See, e.g., Baker v. Potter, 175 F. App'x 759, 761 (7th Cir. 2006)("Baker's claim for breach of the settlement agreement is barred by claim preclusion, also called res judicata").

4

Circuit, the federal law[2] of res judicata or claim preclusion involves a three pronged test, and bars a second suit where "there has been (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 963 (3d Cir. 1991). The "purpose of [the res judicata] doctrine is to relieve the parties of the cost and vexation of multiple lawsuits, conserve judicial resources, prevent inconsistent decisions, and encourage reliance on adjudications." Turner v. Crawford Square Apartments III, L.P., 449 F.3d 542, 551 (3d Cir. 2006). In light of the purposes which res judicata serves, the doctrine not only bars relitigation in a second suit of what was actually litigated in the first suit but res judicata also bars relitigation of what could have been litigated in the first suit. See, e.g., Smith v. Morgan, 75 F. App'x 505, 506 (6th Cir. 2003) ("Under claim preclusion, a final judgment on the merits bars any and all claims by the parties or their privies based on the same cause of action, as to every matter actually litigated as well as every theory of recovery that could have been presented."); L-Tec Electronics Corp. v. Cougar Elec. Org., Inc., 198 F.3d 85, 87-88 (2d Cir. 1999) (*per curiam*)

---

[2] The federal common law doctrine of claim preclusion is to be distinguished from the various states' laws of claim preclusion. Federal courts are sometimes called upon to give preclusive effect to prior state court judgments. The governing law in such cases is the state law of claim preclusion from the state of the prior state court judgment. See 28 U.S.C. § 1738 (full faith & credit statute); Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 380 (1985) ("This statute [i.e., Section 1738] directs a federal court to refer to the preclusion law of the State in which judgment was rendered. 'It has long been established that § 1738 does not allow federal courts to employ their own rules of res judicata in determining the effect of state judgments. Rather, it goes beyond the common law and commands a federal court to accept the rules chosen by the State from which the judgment is taken.'"); Hillary v. Trans World Airlines, Inc., 123 F.3d 1041, 1043 (8th Cir. 1997) ("it is fundamental that the res judicata effect of the first forum's judgment is governed by the first forum's law, not by the law of the second forum.'"). In contrast, federal courts are sometime called upon to give preclusive effect to prior federal court judgments. The governing law in such cases is the federal common law of claim preclusion. Ross ex rel. Ross v. Board of Educ. of Tp. High School Dist. 211, 486 F.3d 279, 283 (7th Cir. 2007)("The federal law of claim preclusion applies here because the earlier judgment was rendered by a federal court."). Because Plaintiff's First Case was filed in federal court, the federal common law of claim preclusion applies herein.

("The doctrine of res judicata, or claim preclusion, prevents a plaintiff from relitigating claims that were or could have been raised in a prior action against the same defendant where that action has reached a final judgment on the merits.").

In considering whether res judicata bars the instant suit, we find that the first prong of "final judgment on the merits" is met. The dismissal of the First Case with prejudice for failure to prosecute, pursuant to Fed.R.Civ.P. 41(b) constitutes a "final judgment on the merits." See, e.g., Color-Plus Leather Restoration System, L.L.C. v. Vincie, 198 F. App'x 165 (3d Cir. 2006) (giving res judicata effect to a prior case which was dismissed for failure to prosecute pursuant Fed.R.Civ.P. 41(b)); Owens v. Kaiser Foundation health Plan, Inc., 244 F.3d 708, 714 (9th Cir. 2001); Alpha Financial Mortgage, Inc. v. Baugh, Civ.A. No. 09-814, 2009 WL 3681858, at *4 (W.D. Pa. Nov. 3, 2009) ("this Court's dismissal for failure to prosecute under Federal Rule 41(b) constituted a 'final judgment on the merits.' ") (citing Color-Plus Leather Restoration).

As to the second prong of "same parties or their privies," the two defendants named in the First Case are identical to the two defendants named in the present case. Hence, the second prong is met.

Lastly, we turn to the third prong, requiring that the instant action be based on the same cause of action as the earlier action. In this action, Plaintiff complains about being refused proper medical care for his diabetes and asserts that the denial of care is due to race discrimination. He identified the date of the event as August 1, 2012. ECF No. 1-1 at 2. In the First Case, Plaintiff named the same two defendants as he named in this action. He also complained about not receiving correct and fast medical treatment for his diabetes in 2012 and 2013. Bush v. Butler County Prison, No. 2:13-CV-218, ECF Nos. 1, 5.

The United States Court of Appeals for the Third Circuit has explained the third prong of res judicata analysis as follows:

> In *Athlone*, we noted that the term "'cause of action' cannot be precisely defined, nor can a simple test be cited for use in determining what constitutes a cause of action for res judicata purposes." *Id. (quoting Donegal Steel Foundry Co. v. Accurate Prods. Co.*, 516 F.2d 583, 588 n. 10 (3d Cir. 1975)). Rather, we look toward the "essential similarity of the underlying events giving rise to the various legal claims." *Davis v. United States Steel Supply*, 688 F.2d 166, 171 (3d Cir. 1982) (*in banc*), *cert. denied*, 460 U.S. 1014 . . . This principle is "in keeping with '[t]he present trend . . . in the direction of requiring that a plaintiff present in one suit all the claims for relief that he may have arising out of the same transaction or occurrence.'" *Athlone*, 746 F.2d at 984 (*quoting* 1B J. Moore & J. Wicker, Moore's Federal Practice ¶ 0.410[1], at 359 (2d ed. 1983)).
>
> In conducting this inquiry, we focus upon "whether the acts complained of were the same, whether the material facts alleged in each suit were the same, and whether the witnesses and documentation required to prove such allegations were the same." *Athlone*, 746 F.2d at 984. A mere difference in the theory of recovery is not dispositive. *Id*. Thus, the fact that Lubrizol relies on a new theory of "reformation" will not prevent preclusion. In both suits the acts complained of, the material facts alleged, and the witnesses and documentation required to prove the allegations are all the same.

Lubrizol Corp. v. Exxon Corp., 929 F.2d at 963.

Likewise in the Complaint at issue and the Complaint in the First Case, the acts complained of against the same two Defendants of failure to adequately treat Plaintiff's diabetes are essentially the same acts. Because the factual bases for the two suits are substantially the same, the two suits implicate the same cause of action. See, e.g., id.; Berlitz Sch. of Languages of Am., Inc. v. Everest House, 619 F.2d 211, 215 (2d Cir. 1980)("Whatever legal theory is advanced, when the factual predicate upon which claims are based are substantially identical, the claims are deemed to be duplicative for purposes of res judicata."); Harborside Refrigerated Services, Inc. v. Vogel, 959 F.2d 368, 372 (2d Cir. 1992)("Res judicata thus not only bars parties from relitigating the same cause of action, but also 'prevents litigation of a matter that could have been raised and decided in a previous suit, whether or not it was raised.'")(*quoting* Murphy

7

v. Gallagher, 761 F.2d 878, 879 (2d Cir. 1985)); McClain v. Apodaca, 793 F.2d 1031, 1034 (9th Cir. 1986)(a plaintiff "cannot avoid the bar of res judicata merely by alleging conduct by the defendant not alleged in the prior action or by pleading a new legal theory.").

Accordingly, because the three prongs required to establish res judicata are met and/or because Plaintiff could have raised in the First Case any additional specific claims of allegedly illegal conditions which he makes now in the Complaint, Plaintiff's current suit is barred by the doctrine of res judicata and, as such, the Complaint fails to state a claim upon which relief can be granted and must be dismissed for failure to state a claim. See In re Desrosiers, 212 B.R. 716, 718-719 n.1 (Bkrtcy. D.Mass. 1997) ("Transamerica based its Motion to Dismiss the Adversary Proceeding on Federal Rule of Civil Procedure 12(b)(1).... Rule 12(b)(1) relates to the lack of subject matter jurisdiction. However, as detailed below, Transamerica argues only that the causes of action raised in this adversary proceeding are barred by the doctrine of res judicata. Thus, the applicable ground for dismissal is the Complaint's failure to state a claim upon which relief can be granted."). Accordingly, it is recommended that the Complaint is barred by the doctrine of res judicata.[1]

## III. CONCLUSION

For the foregoing reasons, this case should be dismissed before being served pursuant to the screening provisions of the PLRA. The dismissal of the Complaint should be with prejudice because it would appear that the defects are not curable.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule

---

[1] The Court notes that because the Complaint in this action is virtually identical to the Complaint in the First Case, this action may also be dismissed as repetitious and, therefore, frivolous. McWilliams v. Colorado, 121 F.3d 573, 574 (10th Cir. 1997).

established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Respectfully submitted,

s/Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Arthur J. Schwab
United States District Judge

Richard Arnold Bush
#27761
Butler County Prison
202 South Washington Street
Butler, PA 16001